RECEIVED

DEC 2 8 2007
Dec 28 2007
MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

**United States District Court**
**Northern district of Illinois**
**Eastern division**

Gardenia Lang                )   Case #
                             )
                             )
                             )   Judge
v.                           )
                             )   07CV7274
City of Posen, Police Dept   )   JUDGE CONLON
of Posen, Police officer     )   MAGISTRATE JUDGE NOLAN
V. Mcline (badge #17),       )
Chief of Police of the       )
Posen Police Dept            )

Complaint

Now comes, Gardenia Lang, Pro Se, and move this honorable court to enforce the Fourth Amendment of the United States Constitution as made applicable to the several states through the Fourteenth Amendment of the United States. The Plaintiff claims that the City of Posen violated her Fourth Amendment right to be free from unreasonable arrest, and that the Police of Posen negligently arrested her, and in so doing violated her right to be free from excessive abuse of police powers, freedom from unreasonable arrest and unreasonable search and seizure of her person and property for the following reasons:

### Violation of Fourth Amendment of the U.S Constitution

1. Police officers of Posen stopped the Plaintiff for a minor traffic violation on 12/14/07
2. the Plaintiff's driving license had been suspended, unnoted to her, for emissions testing
3. officer (badge # 17) informed the plaintiff that he did not believe she came to a full stop at a stop sign, and that is why he stopped her
4. officer (badge # 17) informed the plaintiff that her license was suspended and that he was placing her under arrest
5. the Plaintiff offered no resistance and cooperated with the police fully
6. officer (badge # 17) placed handcuffs tightly upon the plaintiff's arms
7. the plaintiff complained that the handcuffs were too tight
8. the officer did not loosen the handcuffs
9. the officer place the Plaintiff in the back seat of his car
10. the officer informed the Plaintiff that if she leaned forward the handcuffs would not tighten any further
11. the plaintiff had to ride leaning forward to avoid any further pain
12. the Plaintiff asked the officer if she could call her daughter to come an get her car
13. the officer said no
14. the officer informed the plaintiff that he would have her car impounded

15. the plaintiff's car was parked on a city street and was not causing any obstruction to traffic
16. the plaintiff was only a few miles from her home
17. once inside the police station the officer handcuff the Plaintiff to a wall
18. the officers decision to arrest the plaintiff was an abuse of police discretionary powers, because the plaintiff presented no threat to the public or the officer
19. It is well settled that because an arrest is a seizure of the person, individuals are protected from unreasonable arrests
20. generally a citation for driving under a suspended license, for an emissions violation, is sufficient
21. under the totality of the circumstances, the officer's decision to arrest the plaintiff was unreasonable and a violation of the Fourth Amendment
22. The Plaintiff is a forty three year old single parent of two children and posed no threat to the public
23. the Plaintiff never offered any type of resistance, therefore the unnecessary tight handcuffs was unreasonable and in violation of the Fourth Amendment
24. the Supreme Court has said that not only must the reason for a seizure be reasonable but also the way a seizure is performed must be reasonable
25. the Posen's police officer's decision to impound the Plaintiff's car was totally unreasonable, and a violation of the Fourth Amendment of the United States

### Negligence

26. The Posen police violated the Fourth Amendment of the United States Constitution when they deprived the Plaintiff of freedom from unreasonable arrest and seizure of property
27. This violation was negligence per se, because it injured the plaintiff who is in the class of people intended to be protected by the Fourth Amendment, and the Fourth Amendment was ratified to prevent this very type of abuse
28. the Posen police's actions, in violating the Fourth Amendment, was the direct cause of the Plaintiff's injury of humiliation, and deprivation of property by her car being impounded
29. the Plaintiff was injured because she was handcuffed and forced to lean forward while riding to the police station
30. furthermore, once she reached the police station she was handcuffed to the wall
31. Therefore, the Posen police had a duty to assure the Plaintiff's fourth Amendment right was not violated, and they breached that duty. Further, their breach of duty was the direct cause of the Plaintiff's injuries, and the Plaintiff was injured.

## Intentional Infliction of Emotional Distress

32. The Posen police intentional inflicted emotional distress on the Plaintiff by towing and impounding her car.
33. the Plaintiff informed the Posen police that her daughter could come and get her car
34. the Posen police officer was aware that the Plaintiff was sensitive to her car being towed and impounded
35. Under the humiliation of being arrested, the Posen police action of impounding the Plaintiff's car was extreme and outrageous behavior
36. the only reason for the impoundment was to cause distress to the Plaintiff
37. the Plaintiff became sick to her stomach and had physical server emotional symptoms
38. the Plaintiff was helpless and subjective to the authority of the Posen police

**Wherefore,** the Plaintiff plea for relief in the amount of 1,000,000,000 for damages.

Gardenia Lang, Pro Se

16344 Lawndale Ave
Markham, Il 60428
773-610-6972