MHN

United States District Court
Northern district of Illinois
Eastern division

| | | |
|---|---|---|
| Gardenia Lang | ) | Case # 07 C 7274 |
| | ) | |
| | ) | |
| | ) | Judge   Suzanne B. Conlon |
| v. | ) | |
| | ) | **FILED** |
| City of Posen, Police Dept | ) | |
| of Posen, Police officer | ) | MAR - 4 2008 |
| V. Mcline (badge #17), | ) | 3-4-2008 |
| Chief of Police of the | ) | MICHAEL W. DOBBINS |
| Posen Police Dept | ) | CLERK, U.S. DISTRICT COURT |

### Plaintiff's First Amended Complaint

**Now comes**, Gardenia Lang, Pro Se, and move this honorable court to enforce the Fourth Amendment of the United States Constitution as made applicable to the several states through the Fourteenth Amendment of the United States. The Plaintiff claims that the City of Posen violated her Fourth Amendment right to be free from unreasonable arrest, and that the Police of Posen negligently arrested her, and in so doing violated her right to be free from excessive abuse of police powers, freedom from unreasonable arrest and unreasonable search and seizure of her person and property for the following reasons:

### Violation of Fourth Amendment of the U.S Constitution

1. The United States' Federal Court has subject-matter Jurisdiction because this complaint raises a Federal Question.

2. The Posen Police Department failed to properly train their officer thereby causing them to violate the 4th Amendment rights of the Plaintiff.

1

3. The Posen Police Department failure to properly train their police officer, and allowing the Plaintiff's 4th Amendment right to be violated is prohibited by 42 U.S.C. § 1983.

4. The City of Posen violated 42 U.S.C. § 1983 by not requiring the Posen Police department to properly train their police officer who violated the Plaintiff's 4th Amendment rights.

5. Police officers of Posen stopped the Plaintiff for a minor traffic violation on 12/14/07

6. the Plaintiff's driving license had been suspended, unnoted to her, for emissions testing

7. officer (badge # 17) informed the plaintiff that he did not believe she came to a full stop at a stop sign, and that is why he stopped her

8. officer (badge # 17) informed the plaintiff that her license was suspended and that he was placing her under arrest

9. the Plaintiff offered no resistance and cooperated with the police fully

10. officer (badge # 17) placed handcuffs tightly upon the plaintiff's arms

11. the plaintiff complained that the handcuffs were too tight

12. the officer did not loosen the handcuffs

13. the officer place the Plaintiff in the back seat of his car

14. the officer informed the Plaintiff that if she leaned forward the handcuffs would not tighten any further

15. the plaintiff had to ride leaning forward to avoid any further pain

16. the Plaintiff asked the officer if she could call her daughter to come an get her car

17. the officer said no

18. the officer informed the plaintiff that he would have her car impounded

19. the plaintiff's car was parked on a city street and was not causing any obstruction to traffic

20. the plaintiff was only a few miles from her home

21. once inside the police station the officer handcuff the Plaintiff to a wall

22. the officers decision to arrest the plaintiff was an abuse of police discretionary powers, because the plaintiff presented no threat to the public or the officer

23. It is well settled that because an arrest is a seizure of the person, individuals are protected from unreasonable arrests

24. generally a citation for driving under a suspended license, for an emissions violation, is sufficient

25. under the totality of the circumstances, the officer's decision to arrest the plaintiff was unreasonable and a violation of the Fourth Amendment

26. The Plaintiff is a forty three year old single parent of two children and posed no threat to the public

27. the Plaintiff never offered any type of resistance, therefore the unnecessary tight handcuffs was unreasonable and in violation of the Fourth Amendment

28. the Supreme Court has said that not only must the reason for a seizure be reasonable but also the way a seizure is performed must be reasonable

29. the Posen's police officer's decision to impound the Plaintiff's car was totally unreasonable, and a violation of the Fourth Amendment of the United States

## **Negligence**

30. The Posen police violated the Fourth Amendment of the United States Constitution when they deprived the Plaintiff of freedom from unreasonable arrest and seizure of property

31. This violation was negligence per se, because it injured the plaintiff who is in the class of people intended to be protected by the Fourth Amendment, and the Fourth Amendment was ratified to prevent this very type of abuse

32. the Posen police's actions, in violating the Fourth Amendment, was the direct cause of the Plaintiff's injury of humiliation, and deprivation of property by her car being impounded

33. the Plaintiff was injured because she was handcuffed and forced to lean forward while riding to the police station

34. furthermore, once she reached the police station she was handcuffed to the wall

35. Therefore, the Posen police had a duty to assure the Plaintiff's fourth Amendment right was not violated, and they breached that duty. Further, their breach of duty was the direct cause of the Plaintiff's injuries, and the Plaintiff was injured.

## Intentional Infliction of Emotional Distress

36. The Posen police intentional inflicted emotional distress on the Plaintiff by towing and impounding her car.

37. the Plaintiff informed the Posen police that her daughter could come and get her car

38. the Posen police officer was aware that the Plaintiff was sensitive to her car being towed and impounded

39. Under the humiliation of being arrested, the Posen police action of impounding the Plaintiff's car was extreme and outrageous behavior

40. the only reason for the impoundment was to cause distress to the Plaintiff

41. the Plaintiff became sick to her stomach and had physical server emotional symptoms

42. the Plaintiff was helpless and subjective to the authority of the Posen police

**Wherefore**, the Plaintiff plea for relief in the amount of 1,000,000,000 for damages.

Gardenia Lang, Pro Se
*Gardenia Lang*
16344 Lawndale Ave
Markham, Il 60428
773-610-6972