**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GARDENIA LANG, ) | |
| ) | No. 07 C 7274 |
| Plaintiff, ) | |
| ) | Judge Leinenweber |
| v. ) | |
| ) | Magistrate Judge Levin |
| CITY OF POSEN, POLICE DEPARTMENT OF ) | |
| POSEN, POLICE OFFICER V. McLINE ) | |
| (badge #17), CHIEF OF POLICE OF THE POSEN ) | JURY DEMAND |
| POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT**

NOW COME the Defendants, by and through their attorney, LOUIS F. CAINKAR, LTD., and in answer to the plaintiff's first amended complaint ("complaint"), state as follows:

**Violation of Fourth Amendment of the U.S. Constitution**

1.  The United States' Federal Court has subject-matter Jurisdiction because the complaint raises a Federal Question.

**ANSWER**: Defendants admit the truth of the averments contained in paragraph 1 of the complaint.

2.  The Posen Police Department failed to properly train their officer thereby causing them to violate the 4th Amendment rights of the Plaintiff.

**ANSWER**: Defendants deny the truth of the averments contained in paragraph 2 of the complaint.[1]

3. The Posen Police Department failure to properly train their police officer, and allowing the Plaintiff's 4th Amendment right to be violated is prohibited by 42 U.S.C. §1983.

**ANSWER**: Defendants deny the truth of the averments contained in paragraph 3 of the complaint.

4. The City of Posen violated 42 U.S.C. §1983 by not requiring the Posen Police department to properly train their police officer who violated the Plaintiff's 4th Amendment rights.

**ANSWER**: Defendants deny the truth of the averments contained in paragraph 4 of the complaint.

5. Police officers of Posen stopped the Plaintiff for a minor traffic violation on 12/14/07.

**ANSWER**: Defendants admit that plaintiff was pulled over by Officer Victor McCree on December 14, 2007 but deny any characterization of the offenses as "minor."

6. The Plaintiff's driving license had been suspended, unnoted to her, for emissions testing.

**ANSWER**: Defendants admit that plaintiff's driver's license was suspended but lack sufficient knowledge to form a belief as to the truth of the remaining averments.

7. Officer (badge #17) informed the plaintiff that he did not believe she came to a full stop at a stop sign, and that is why he stopped her.

---

[1] The Posen Police Department for the Village of Posen is not a legal entity capable of being sued. Defendants will consider the claims against the police department as claims against the Village of Posen.

**ANSWER**:   Defendant's admit that the plaintiff was initially stopped due to her failure to obey a stop sign.

8.   Officer (badge #17) informed the plaintiff that her license was suspended and that he was placing her under arrest.

**ANSWER**:   Defendants admit the truth of the averments contained in paragraph 8 of the complaint.

9.   The Plaintiff offered no resistance and cooperated with the police fully.

**ANSWER**:   Defendants admit that the plaintiff did not resist arrest and physically cooperated with Officer McCree.

10.   Officer (badge #17) placed handcuffs tightly upon the plaintiff's arms.

**ANSWER**:   Defendants deny the truth of the averments contained in paragraph 10 of the complaint.

11.   The plaintiff complained that the handcuffs were too tight.

**ANSWER**:   Defendants deny the truth of the averments contained in paragraph 11 of the complaint.

12.   The officer did not loosen the handcuffs.

**ANSWER**:   Defendants admit the truth of the allegations contained in paragraph 12 of the complaint.

13.   The officer placed the Plaintiff in the back seat of his car.

**ANSWER**:   Defendants admit the truth of the averments contained in paragraph 13 of the complaint.

14. The officer informed the Plaintiff that if she leaned forward the handcuffs would not tighten any further.

**ANSWER**: Defendants admit that plaintiff was cautioned not to lean back onto the handcuffs and they would not tighten on her wrists.

15. The plaintiff had to ride leaning forward to avoid any further pain.

**ANSWER**: Defendants deny the truth of the averments contained in paragraph 15 of the complaint.

16. The Plaintiff asked the officer if she could call her daughter to come and get her car.

**ANSWER**: Defendants admit that plaintiff asked Officer McCree if she could call to have someone pick up the vehicle.

17. The officer said no.

**ANSWER**: Defendants admit that plaintiff's request was denied because the vehicle was located on 147th Street and would have blocked traffic if permitted to remain on the scene.

18. The officer informed the plaintiff that he would have her car impounded.

**ANSWER**: Defendants admit the truth of the averments contained in paragraph 18 of the complaint.

19. The plaintiff's car was parked on a city street and was not causing any obstruction to traffic.

**ANSWER**:   Defendants deny the truth of the averments contained in paragraph 19 of the complaint.

20. The plaintiff was only a few miles from her home.

**ANSWER**:   Defendants admit the truth of the averments contained in paragraph 20 of the complaint.

21. Once inside the police station the officer handcuff the Plaintiff to a wall.

**ANSWER**:   Defendants deny the truth of the averments contained in paragraph 21 of the complaint.

22. The officers decision to arrest the plaintiff was an abuse of police discretionary powers, because the plaintiff presented no threat to the public or the officer.

**ANSWER**:   Defendants deny the truth of the averments contained in paragraph 22 of the complaint.

23. It is well settled that because an arrest is a seizure of the person, individuals are protected from unreasonable arrests.

**ANSWER**:   Defendants object to paragraph 23 as it calls for a legal conclusion. Without waiving said objection, Defendants admit that the Fourth Amendment of the United States Constitution prohibits arrests without probable cause.

24. Generally a citation for driving under a suspended license, for an emissions violation, is sufficient.

**ANSWER**:   Defendants admit that an arrest due an individual's failure to stop at a stop sign or driving on a suspended license is reasonable.

25. Under the totality of the circumstances, the officer's decision to arrest the plaintiff was unreasonable and a violation of the Fourth Amendment.

**ANSWER**:   Defendants deny the truth of the averments contained in paragraph 25 of the complaint.

26. The Plaintiff is a forty three year old single parent of two children and posed no threat to the public.

**ANSWER**:   Defendants lack sufficient knowledge to form a belief as to the truth of the averments of plaintiff's personal status.  Defendants object to plaintiff's characterization that she posed no threat to the public as being irrelevant.  Without waiving said objection, denied.

27. The Plaintiff never offered any type of resistance, therefore the unnecessary tight handcuffs was unreasonable and in violation of the Fourth Amendment.

**ANSWER**:   Defendants deny the truth of the averments contained in paragraph 27 of the complaint.

28. The Supreme Court has said that not only must the reason for a seizure be reasonable but also the way a seizure is performed must be reasonable.

**ANSWER**:   Defendants object to paragraph 23 as it calls for a legal conclusion.  Without waiving said objection, Defendants admit that the Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures.

29. The Posen's police officer's decision to impound the Plaintiff's car was totally unreasonable, and a violation of the Fourth Amendment of the United States.

**ANSWER**:   Defendants deny the truth of the averments contained in paragraph 29 of the complaint.

WHEREFORE, defendants respectfully request that judgment be entered in their favor and against the plaintiff, with costs.

## Negligence

30.     The Posen police violated the Fourth Amendment of the United States Constitution when they deprived the Plaintiff of freedom from unreasonable arrest and seizure of property.

**ANSWER**:     Defendants deny the truth of the averments contained in paragraph 30 of the complaint.

31.     This violation was negligence per se, because it injured the plaintiff who is in the class of people intended to be protected by the Fourth Amendment, and the Fourth Amendment was ratified to prevent this very type of abuse.

**ANSWER**:     Defendants deny the truth of the averments contained in paragraph 31 of the complaint.

32.     The Posen police's actions, in violating the Fourth Amendment, was the direct cause of the Plaintiff's injury of humiliation, and deprivation of property by her car being impounded.

**ANSWER**:     Defendants deny the truth of the averments contained in paragraph 32 of the complaint.

33.     The Plaintiff was injured because she was handcuffed and forced to lean forward while riding to the police station.

**ANSWER**:     Defendants deny the truth of the averments contained in paragraph 33 of the complaint.

34.     Furthermore, once she reached the police station she was handcuffed to the wall.

**ANSWER**:     Defendants deny the truth of the averments contained in paragraph 34 of the complaint.

35. Therefore, the Posen police had a duty to assure the Plaintiff's fourth Amendment right was not violated, and they breached that duty. Further, their breach of duty was the direct cause of the Plaintiff's injuries, and the Plaintiff was injured.

**ANSWER**: Defendants deny the truth of the averments contained in paragraph 35 of the complaint.

WHEREFORE, defendants respectfully request that judgment be entered in their favor and against the plaintiff, with costs.

### Intentional Infliction of Emotional Distress

36. The Posen police intentional inflicted emotional distress on the Plaintiff by towing and impounding her car.

**ANSWER**: Defendants deny the truth of the averments contained in paragraph 36 of the complaint.

37. The Plaintiff informed the Posen police that her daughter could come and get he car.

**ANSWER**: Defendants admit that plaintiff asked Officer McCree if she could call to have someone pick up the vehicle.

38. The Posen police officer was aware that the Plaintiff was sensitive to her car being towed and impounded.

**ANSWER**: Defendants deny the truth of the averments contained in paragraph 38 of the complaint.

39. Under the humiliation of being arrested, the Posen police action of impounding the Plaintiff's car was extreme and outrageous behavior.

**ANSWER**: Defendants deny the truth of the averments contained in paragraph 39 of the complaint.

40. The only reason for the impoundment was to cause distress to the Plaintiff.

**ANSWER**: Defendants deny the truth of the averments contained in paragraph 40 of the complaint.

41. The Plaintiff became sick to her stomach and had physical server emotional symptoms.

**ANSWER**: Defendants deny the truth of the averments contained in paragraph 41 of the complaint.

42. The Plaintiff was helpless and subjective to the authority of the Posen police.

**ANSWER**: Defendants deny the truth of the averments contained in paragraph 42 of the complaint.

WHEREFORE, defendants respectfully request that judgment be entered in their favor and against the plaintiff, with costs.

### AFFIRMATIVE DEFENSES

1. As to any state common law claim, the Village of Posen is not liable for any injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109.

    2.    As to any state common law claim, Officer Victor McCree is not liable for an act or omission in the execution of enforcement of any law unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.

    3.    As to any state common law claim, Officer Victor McCree is not liable for an act involving the exercise of his discretion. 745 ILCS 10/2-201.

    4.    As to any federal claim, Officer Victor McCree is entitled to qualified immunity for any claim based upon the Fourth Amendment.

## JURY DEMAND

Defendants hereby demand trial by jury.

S/    Joseph Cainkar

## CERTIFICATE OF SERVICE

    I, the undersigned, an attorney, on oath state: I served a copy of the Defendants' Answers and Affirmative Defenses to Plaintiff's First Amended Complaint by e-mailing a copy to the CMT System for the Northern District of Illinois on March 20, 2008.

                                                    S/     Joseph Cainkar
                                                    Attorney for the Defendants