IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARDENIA LANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 7274 |
| | ) | |
| CITY OF POSEN, POLICE DEPARTMENT OF | ) | Judge Suzanne B. Conlon |
| POSEN, POLICE OFFICER V. McLINE | ) | |
| (badge #17), CHIEF OF POLICE OF THE POSEN | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' LOCAL GENERAL RULE 56.1(a)(3) STATEMENT OF
UNCONTESTED FACTS IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUGDMENT**

1. At all times relevant hereto, Gardenia Lang ("Lang") resided at 16344 South Lawndale Avenue, Markham, Cook County, Illinois. (Exhibit "A," Deposition of Lang, Pg. 6).

2. The Village of Posen is an Illinois municipal corporation located at 2440 Walter Zimny Drive, Posen, Cook County, Illinois. Officer Victor McCree (Badge #17) is a Posen police officer and has been employed in that capacity since 2005.[1] (Exhibit "B," Affidavit of McCree, ¶1).

3. On December 14, 2007, Lang was at a Christmas party with her friend in Hyde Park. At approximately 7:30 p.m., Lang dropped her friend off at a multi-family residential building at or near 145th Street and San Francisco Avenue, Posen. The residential building has a parking lot which exits onto San Francisco Avenue. (Exhibit "A," Pgs. 10-14, 30).

---

[1] Lang's identification of Posen as a "City" and her identification of her arresting officer as "Officer V. McLine" are in error.

4.　　Lang was alone operating a vehicle that was owned by her daughter Monica Williams. (Exhibit "A," Pg. 30).

5.　　After dropping her friend off, Lang stopped at a stop sign that controlled the parking lot's exit. Lang turned right and proceeded southbound on San Francisco Avenue until she approached a stop sign that controlled the intersection of 147th Street and San Francisco Avenue; 147th Street is a four-lane east-west thoroughfare. (Exhibit "A," Pgs. 10-14,15-19, 22 & 23, 28; Exhibit "B," ¶4).

6..　　As she edged out onto 147th Street, Lang witnessed an SUV traveling westbound on 147th Street. Lang stopped, turned right and followed behind the SUV westbound on 147th Street. Soon thereafter, she saw a police vehicle with its lights activated behind her. Lang pulled into a private parking lot that accommodated vehicles for a shopping plaza at or about 147th Street and Sacramento Avenue. The shopping plaza houses a beauty salon and a supermarket. (Exhibit "A," 22-29 & 37; Exhibit "B," ¶5 & ¶6).

7.　　Officer McCree approached Lang and advised her that she had disobeyed two stop signs.[2] Lang turned over her driver's license and insurance to McCree and he returned to his police vehicle. McCree ran Lang's driver's license number through his on-board computer and through the dispatcher. Using the same method, McCree ran the vehicle's license plate number. Through these inquiries, McCree learned that Lang's driver's license had been suspended and the vehicle was owned by Monica R. Williams. (Exhibit "B," ¶7-10).

8.　　McCree returned to Lang's vehicle and advised her that she was under arrest. McCree requested Lang to exit the vehicle and to turnover the vehicle's keys. Lang asked that

---

[2] Lang was only issued a ticket for disobeying the stop sign at 147th Street and San Francisco Avenue. McCree contends that Lang disobeyed one stop sign. (Exhibit "B," ¶5; Exhibit "C," Citations).

she be given the opportunity to contact her daughter to retrieve the vehicle she was operating. McCree refused this request. (Exhibit "A," Pgs. 29- 32, 35 & 36; Exhibit "B," ¶11).

9. Lang was placed in handcuffs for transportation to the police station. Before entering the squad car, Lang complained that her handcuffs were too tight. Officer McCree advised Lang that he was required to transport her in handcuffs but cautioned her to lean forward in the police vehicle so that the handcuffs would not tighten further. Lang complied and no further conversation was had concerning the handcuffs. At the most, Lang was in handcuffs for 22 minutes (Exhibit "A," Pgs. 37-40, 45-47; Exhibit "B," ¶12).

10. Lang was transported to the police department where she was issued two traffic citations: disobeying a stop sign (625 ILCS 5/11-1204(b); and, driving while her driver's license was suspended (625 ILCS 5/6-303). Lang was released on her own recognizance within 15 minutes of her arrival at the police station. (Exhibit "A," Pgs. 45-47; Exhibit "C").

11. The vehicle that Lang was driving was towed by a private reclamation company and retrieved by her the following day. McCree impounded the vehicle that Lang was operating because she was arrested in plain view of the public on a Friday night. McCree believed that anyone who witnessed her arrest could view her absence from the vehicle as an opportunity for the theft or vandalism of William's automobile. (Exhibit "A," Pgs. 47-49; Exhibit "B," ¶13).

12. On January 14, 2008, Lang appeared in court for a hearing on both of the tickets that were issued to her on December 14, 2007. Apparently, after asking Lang whether she stopped at the stop sign, to which she responded yes, the judge dismissed the ticket without requesting McCree's presence for a trial. Additionally, the driving while suspended ticket was dismissed because Lang had her license reinstated by the time of her court date. (Exhibit "A," Pgs. 51-55).

13. Lang admits that she was driving with a suspended license at the time she was arrested. (Exhibit "A," Pgs. 55).

14. Lang received no physical or emotional injuries, nor did she seek medical treatment, as a result of her encounter with McCree on December 14, 2007. Lang characterized McCree's conduct of arresting her and impounding her vehicle as unfair. (Exhibit "A," Pgs. 56 & 57; Exhibits "D," Interrogatories to Plaintiff, and "E," Plaintiff's Answers to Interrogatories, ¶11 & ¶12).

                                                    S/     Joseph Cainkar

JOSEPH CAINKAR
LOUIS F. CAINKAR, LTD.
30 North LaSalle Street - #3922
Chicago, IL 60602-3333
312/236-3985

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, on oath state: I served this document by e-mailing a copy of the same to the attorneys on record on May 30, 2008.

                                                    S/  Joseph Cainkar