

FILED
JUN 24 2008
6-24-2008
Judge Suzanne B. Conlon
United States District Court

RECEIVED
JUN 24 2008
JUDGE SUZANNE B. CONLON
United States District Court

In The United States District Court
For The Northern District of Illinois
Eastern Division

| | | |
|---|---|---|
| Gardenia Lang | ) | No. 07 C 7274 |
| | ) | |
| | ) | Judge Suzanne B. Conlon |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| City of Posen, Police Department | | |
| of Posen, Police officer McCree, | | |
| Chief of Police of Posen Police | | |

### Plaintiff's Cross Motion for Summary Judgment, and response to Defendants Motion for Summary Judgment

Now Come the Plaintiff, Gardenia Lang, and request that this Honorable Court deny the Defendant's Motion for Summary Judgment and grant the Plaintiff's Cross Motion for Summary Judgment, pursuant to rule 56 of the Federal Rules of Civil Procedure, in the Plaintiff's favor as required by law for the following reasons:

1. The Defendants failed to properly serve the Plaintiff with a copy of their Motion for Summary Judgment in violation of Fed. R. Civ. P. 5 (D).

2. The Federal law provides a remedy for violations of the Fourth Amendment by Police Departments, Villages and Cities made applicable to the States through the Fourteenth Amendment, and Federal Statute 42 U.S.C.§ 1983.

3. Government officials performing discretionary functions generally are granted a qualified immunity and are shield from liability of civil damages insofar as their

conduct does not violate clearly established statutory or Constitutional laws. Wilson v. Layne, 526 U.S. 603, 119 S. Ct 1692.

4. Posen Police Officer McCree randomly stopped the Plaintiff without probable cause to justify the stop by indicating a reasonable suspicion that a violation of the law had occurred. The U.S. Supreme Court held that this type of conduct is impermissible and a violation of the Fourth and Fourteenth Amendment. Delaware v. Prouse, 440 U.S. 648 (1979).

5. The U.S. Supreme Court held that a seizure must be performed reasonably. Tennessee v. Garner, 471 U.S. 1, 105 S. Ct. 1694 (1985). Moreover, the court held that "whenever an officer restrains the freedom of a person to walk away, he has seized that person." Id. Furthermore, the Court noted that an arrestee might be entitled to individualized review of a custodial arrest where she could make a colorable argument that an arrest, without warrant, was "conducted in an extraordinary manner. Atwater v. City of Lago Vista.

6. The Plaintiff's Fourth Amendment right was violated the moment Officer McCree stopped her and she complied with his orders. Id. Further violations occurred after the stop because of the unreasonableness of the Defendant's conduct concerning the suspended license.

7. The Plaintiff was arrested because her license was suspended for an emissions regulation on a car she no longer owns. The common-law generally prescribe only a citation for this particular offense. Furthermore, the Plaintiff had no notice that her license had been suspended.

8. The Posen Police's conduct of arresting the Plaintiff, placing her in tight handcuffs and impounding her daughter's car was excessive under the totality of circumstances surrounding the encounter. Graham v. Connor, 490 U.S. 386, 394 (1989).

9. The arrangement between the Plaintiff and her daughter, concerning the car, was a Bailment. A Bailee may collect full damages resulting from a third party's wrongdoing; the Bailee is then liable to the Bailor for the recovered amount.

The Plaintiff offers her Statement of Uncontested Facts and Memorandum of Law in support of her request for an award of summary judgment.

*/s/ Gardenia Lang*

Gardenia Lang

16344 Lawndale Ave

Markham IL 60428