IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARDENIA LANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 07 C 7274 |
| v. ) | |
| ) | Suzanne B. Conlon, Judge |
| CITY OF POSEN, POLICE DEPARTMENT ) | |
| OF POSEN, POLICE OFFICER V. MCCLINE ) | |
| (BADGE #17), and CHIEF OF POLICE OF ) | |
| THE POSEN POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Gardenia Lang sues the Village of Posen ("village"), the village's Police Department,[1] its Police Chief,[2] and police officer Victor McCree[3] alleging a violation of her fourth amendment right to be free from unreasonable seizures under 42 U.S.C. § 1983 (count I), negligence (count II), and intentional infliction of emotional distress (count III). The parties move for summary judgment.

---

[1] Lang's claim against the Village of Posen Police Department is a suit against an organizational division of the village and therefore not a separate suable entity. *See Lewis v. City of Chicago Police Dep't*, No. 05 C 2790, 2006 WL 267199, at *2 (N.D. Ill. Jan. 30, 2006) (Plunkett, J.).

[2] Lang names the Village of Posen police chief in the caption only; there are no allegations about him in the complaint or amended complaint. Lang presumptively sues him in his official capacity. *Hill v. Shelander*, 924 F.2d 1370 (7th Cir. 1991). Any claim against him is a claim against the village. *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001).

[3] Lang erroneously sues "Officer V. McLine." Her arresting officer was Victor McCree. Defs. Facts ¶¶ 2, 7; Defs. Exs. B and C.

## BACKGROUND

### I. Local Rule 56.1

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. As required by Local Rule 56.2, defendants provided notice of the rule to Lang because she is a *pro se* litigant. [30]. The moving party must submit a statement of material facts consisting of short, numbered paragraphs, including with each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon. Local Rule 56.1(a)(3). Failure to submit this statement constitutes grounds for denial of the motion. *Id.* The opposing party must respond to each numbered paragraph in the movant's statement including, in the case of disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon. Local Rule 56.1(b)(3). All properly supported material facts set forth in the moving party's statement will be deemed admitted unless controverted by the opposing party's statement. Local Rule 56.1(b)(3)(C). *Pro se* status does not relieve a litigant of the requirement to follow procedural rules. *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996).

Lang violates these rules by failing to respond to defendants' statement of material facts. Consequently, defendants' facts are deemed admitted. *See* Local Rule 56.1(b)(3)(C); *Dade v. Sherwin-Williams Co.*, 128 F.3d 1135, 1139 (7th Cir. 1997). However, summary judgment will be granted only if defendants demonstrate there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

Nor does Lang provide a statement of material facts in support of her cross-motion for summary judgment. This is grounds for denying her motion. Local Rule 56.1(a)(3). Her cross-motion for summary judgment is also untimely. The dispositive motion deadline was May 30, 2008. Lang filed her summary judgment cross-motion on June 24, 2008 without seeking or obtaining an extension of this deadline. The arguments in Lang's cross-motion for summary judgment nevertheless are considered because she files her cross-motion for summary judgment and response to defendants' summary judgment motion as one pleading.

## II.     Federal Rule of Civil Procedure 5(b)(2)(E)

Defendants' certificate of service for its summary judgment motion states they served Lang by electronic mail. This is improper under Federal Rule of Civil Procedure 5(b)(2)(E) because there is no evidence Lang consented in writing to this form of service. Defendants argue they also served Lang by United States mail, but defendants did not file an amended certificate of service. This is poor practice, particularly in light of Lang's *pro se* status. Nevertheless, Lang does not dispute she received defendants' summary judgment motion, she has responded to the motion, and attaches the motion as an exhibit to her response. According, defendants' summary judgment motion will be considered, despite the failure to comply with service requirements. *See Russell v. City of Milwaukee*, 338 F.3d 662, 666 (7th Cir. 2003) (the absence of a proper certificate of service does not require the invalidation of the pleading where service is not contested or service is accomplished).

## III.    Background

The following facts are from defendants' Rule 56.1 statement and exhibits. On December 14, 2007, Lang was alone driving her daughter's car and failed to stop at a stop sign.

Defs. Facts ¶¶ 4-6; Defs. Ex. B ¶ 5; Lang Dep. Tr. ¶ 37:2-4. McCree was driving behind Lang, observed this, and pulled her over. Defs. Facts ¶¶ 6-7; Defs. Ex. B ¶¶ 5-7. He obtained Lang's driver's license and learned from his on-board computer and dispatcher that the Illinois Secretary of State had suspended Lang's license. Defs. Facts ¶ 7; Defs. Ex. B ¶¶ 7-10. He also learned the car was registered to someone else. Defs. Facts ¶ 7; Defs. Ex. B ¶ 9.

McCree arrested Lang for driving with a suspended license. Defs. Facts ¶ 8; Defs. Ex. B ¶ 11. He handcuffed her for transportation to the police station. Defs. Facts ¶ 9; Defs. Ex. B ¶ 12. She complained the handcuffs were too tight; McCree responded he was required to transport her in handcuffs and advised her to lean forward in the police car so the handcuffs would not tighten. Defs. Facts ¶ 9; Lang Dep. Tr. 37:14-18. Lang was handcuffed for approximately twenty-two minutes. Defs. Facts ¶ 9; Lang Dep. Tr. 39:23-24, 40:1, 45:13-19. She was not physically or emotionally injured and did not seek medical treatment. Defs. Facts ¶ 14; Defs. Exs. D and E ¶¶ 11 and 12; Lang Dep. Tr. 55:24, 56:1-6, 23-24, 57:1-7.

Lang requested the opportunity to contact her daughter to retrieve the car; McCree refused. Defs. Facts ¶ 8; Defs. Ex. B ¶ 11; Lang Dep. Tr. 34:21-24. McCree impounded the car because Lang was not the owner and the empty car provided an opportunity for theft or vandalism. Defs. Facts ¶ 11; Defs. Ex. B ¶ 13. The car was towed, and Lang retrieved it the next day. Defs. Facts ¶ 11; Defs. Ex. B ¶ 13; Lang Dep Tr. 49:12-24, 50:1-18.

At the police station, McCree issued Lang tickets for driving with a suspended license (625 ILCS 5/6-303) and disobeying a stop sign (625 ILCS 5/11-1204(b)). Defs. Facts ¶ 10; Defs. Ex. C. She was released on her own recognizance fifteen to twenty minutes later. Defs. Facts ¶

10; Lang Dep. Tr. 46:20-23. At a January 14, 2008 court hearing, the tickets were dismissed. Defs. Facts ¶ 12; Lang Dep. Tr. 52:18-24, 53:1-4.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The moving party has the initial burden of demonstrating that it is entitled to summary judgment." *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004) (citing *Celotex Corp.*, 477 U.S. at 323). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *See Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### II. Section 1983 Claim (Count I)

Lang's § 1983 claim is based on an alleged violation of her fourth amendment right to be free from unreasonable seizures. She claims McCree lacked probable cause to make the initial traffic stop, lacked probable cause to arrest her for driving with a suspended license, used excessive force in handcuffing her after the arrest, and unreasonably impounded Lang's car.

5

Lang also argues the village failed to train McCree. McCree argues Lang did not challenge the initial traffic stop in her amended complaint. *Pro se* pleadings are liberally construed, and Lang's argument therefore is addressed. *See Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

### A. Probable Cause for the Initial Traffic Stop

Lang argues McCree lacked probable cause to pull her over because she stopped at the stop sign. A traffic stop is a seizure under the fourth amendment and must be reasonable. *Phelan v. Vill. of Lyons*, 531 F.3d 484, 488 (7th Cir. 2008). A traffic stop is reasonable if the officer has probable cause to believe a traffic violation has occurred. *Id.* Probable cause exists if at the time of the stop the facts and circumstances within the officer's knowledge would warrant a prudent person to believe the suspect is committing or has committed an offense. *Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999).

McCree observed Lang fail to stop at a stop sign. Defs. Facts ¶¶ 5-7; Defs. Ex. B ¶ 5-7. This fact is deemed admitted, and Lang provides no evidentiary basis that she stopped at the stop sign. Her failure to stop violated the Illinois Vehicle Code. 625 ILCS 5/11-1204(b). Based on these facts, as a matter of law, McCree had probable cause to believe Lang committed a traffic offense and his stop was therefore warranted. McCree is entitled to summary judgment on Lang's claim he lacked probable cause for the initial traffic stop. Because McCree is entitled to summary judgment on this claim, his argument he is entitled to qualified immunity for the initial traffic stop need not be addressed.

## B.     False Arrest

Lang argues it was unreasonable to be arrested for driving with a suspended license. To prevail on a false arrest claim, a plaintiff must demonstrate the arresting officer lacked probable cause to arrest. *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998). The existence of probable cause is an absolute bar to a false arrest claim under § 1983. *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007).

Lang admits she was driving with a suspended license when McCree arrested her. Lang Dep. Tr. 55:16-22. This is a class A misdemeanor under the Illinois Vehicle Code. *See* 625 ILCS 5/6-303(a). Lang argues the offense is trivial and her license was suspended, without notice, because a car she formerly owned lacked emissions compliance. She provides no evidentiary support. The degree of the crime is immaterial. If a police officer has probable cause to believe an individual has committed even a minor criminal offense, an arrest is reasonable. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (arrest reasonable where there was probable cause suspect violated mandatory seatbelt statute); *Williams v. Rodriguez*, 509 F.3d 392, 400-01 (7th Cir. 2007) (arrest reasonable where there was probable cause suspect violated statute prohibiting stopping of car on roadway).

It is undisputed that when McCree arrested Lang, he knew she was driving with a suspended license. This provided McCree probable cause to believe Lang violated the Illinois Vehicle Code's prohibition of this. 625 ILCS 5/6-303(a). It was within his authority to arrest Lang for that violation. Lang's fourth amendment rights were not violated by her arrest.

7

C.  **Excessive Force**

Lang argues McCree used excessive force because he applied the handcuffs aggressively to her wrists, and when she complained the handcuffs were too tight, McCree did not loosen them. Claims that police officers used excessive force during an arrest are evaluated under the fourth amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). The reasonableness of a particular use of force is judged from the perspective of a reasonable police officer on the scene. *Id.* at 396. The question is whether the officer's actions are objectively reasonable in light of the surrounding facts and circumstances without regard to the officer's intent or motivation. *Id.* at 397.

In *Tibbs v. City of Chicago*, 469 F.3d 661, 665-66 (7th Cir. 2006), the court explained the limits of an excessive force claim based on overly tight handcuffs. Tibbs complained once to the arresting officer the handcuffs were too tight, was handcuffed for about twenty-five to thirty minutes, experienced redness on his wrists for less than two days, and neither sought nor received medical treatment for any wrist injury. *Id.* at 666. The court affirmed summary judgment in defendants' favor because no reasonable jury could find the police officer's actions were objectively unreasonable under these facts. *Id.*; *accord Cusack v. City of Des Plaines*, No. 06 C 2507, 2007 WL 2484325, at *2-4 (N.D. Ill. Aug. 29, 2007) (St. Eve, J.) (granting summary judgment to defendants on plaintiff's overly tight handcuff claim where plaintiff was handcuffed for twenty to thirty minutes, suffered bruising and pain between the joints of his left thumb and wrist, but did not seek medical treatment).

The court in *Tibbs* contrasted the facts to those in other cases recognizing valid excessive force claims based on overly tight handcuffs. 469 F.3d at 666. For instance, in *Payne v. Pauley*,

337 F.3d 767, 774-75 (7th Cir. 2003), the arresting officer handcuffed the plaintiff so tightly she lost feeling in her hands and refused to loosen the handcuffs after the plaintiff told the officer of the numbness. The plaintiff underwent two carpal tunnel surgeries because of the handcuffs. *Id.* at 775.

Viewing the undisputed facts in the light most favorable to Lang, she fails to raise a genuine issue of material fact that McCree's conduct was objectively unreasonable. Lang complained once to McCree that the handcuffs were too tight and gave no indication of the degree of her pain. Defs. Facts ¶ 9; Lang Dep. Tr. 37:14-18. She was handcuffed for approximately twenty-two minutes (Defs. Facts ¶ 9; Lang Dep. Tr. 39:23-24, 40:1, 45:13-19), was not injured, and sought no medical treatment (Defs. Facts ¶ 14; Defs. Exs. D and E ¶¶ 11 and 12; Lang Dep. Tr. 55:24, 56:1-6, 23-24, 57:1-7). These facts are more benign than those in *Tibbs* and are not comparable with those in *Payne*. The length of Lang's time in handcuffs was slightly less than the time period in *Tibbs*, and Lang suffered no injury in contrast to plaintiff's redness on the wrists in *Tibbs*. The extent of injury from the handcuffs described in *Payne* necessitating two carpal tunnel surgeries is not present in this case; indeed, Lang was not injured. No reasonable jury could find McCree's conduct objectively unreasonable. McCree is entitled to summary judgment on this claim.

### D.    Unreasonable Impoundment

Lang argues McCree unreasonably impounded the car she was driving, which belonged to her daughter, and should have granted her request to contact her daughter to retrieve it. The fourth amendment requires any seizure by the government, including the impoundment of a car, to be reasonable. *United States v. Duguay*, 93 F.3d 346, 353 (7th Cir. 1996). An impoundment

by the police is reasonable if it is supported by probable cause of criminal activity, or is in furtherance of public safety or community caretaking functions such as removing a damaged or unlawfully parked car. *Id.* at 352. The automatic impoundment of a car upon the driver's arrest is not reasonable. *Id.* at 353. No community caretaker interest is served if another person is present to remove the car. *Id.* But, if the arrestee is not able to provide for the speedy and efficient removal of the car from a public thoroughfare or parking lot, then impoundment is reasonable. *Id.* at 353-54, 354 n.2. Speedy and efficient removal of a car is not necessarily possible where the car's sole occupant is arrested. *Id.*

McCree argues Lang lacks standing to challenge the impoundment because she does not own the car. *See Siebert v. Severino*, 256 F.3d 648, 655 (7th Cir. 2001) (husband had no standing to challenge seizure of his wife's horses because he did not own them). Lang responds without any supporting facts or legal authority that she and her daughter had a bailment relationship regarding the car and that a bailee may recover damages from a third party. A bailment is the delivery of property for some purpose pursuant to a contact providing that after the purpose has been fulfilled, the property will be redelivered to the bailor, dealt with according to the bailor's directions, or kept until the bailor reclaims it. *See In re Midway Airlines, Inc.*, 383 F.3d 663, 671 (7th Cir. 2004). A bailee may recover damages from a third party for injury to the bailed property during the term of the bailment but must account to the bailor for any excess over the amount of the bailee's interest. *Ebel v. Collins*, 198 N.E.2d 552, 554-55 (Ill. App. Ct. 1964). Lang does not present any evidentiary support for a bailment relationship and fails to explain how this concept is applicable to an unreasonable seizure claim under § 1983.

10

Even if Lang has standing to challenge the impoundment of her daughter's car, she provides no genuine issue of material fact that the impoundment was unreasonable. McCree relied upon his community caretaking function, protection of the empty car from theft or vandalism, and the fact that Lang was not the owner of the car. (Defs. Facts ¶ 11; Defs. Ex. B ¶ 13). McCree refused Lang's request to contact her daughter to retrieve the car, but a police officer need not give a motorist an opportunity to make alternative arrangements to avoid impoundment. *See United States v. Cherry*, 436 F.3d 769, 775 (7th Cir. 2006). This is not a situation where another person at the scene of the arrest was available to remove the car. It is undisputed Lang was alone when she was arrested. Lang Dep. Tr. ¶ 37:2-4. Impoundment under these circumstances was reasonable. *See Duguay*, 93 F.3d at 353-54. No reasonable jury could find the impoundment violates the fourth amendment.

### E.    Failure to Train

Lang argues generally without any factual or legal support that her fourth amendment rights were violated because the village failed to train McCree properly. Municipal liability may arise through a policy of inadequate training. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Inadequate training may serve as a basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact. *Id.* The record contains no evidence McCree or village police officers received inadequate training. Because Lang fails to establish any genuine issues of material fact that McCree violated her fourth amendment rights, no basis for municipal liability exists. *See Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000) (a municipality's liability for a constitutional

injury requires a finding the municipal employee is liable on the underlying substantive claim). The village is entitled to summary judgment on Lang's failure to train claim.

### III. Negligence Claim (Count II)

Lang asserts defendants had a duty not to violate her fourth amendment rights but did so by unreasonably arresting her, handcuffing her, and impounding her car. Defendants argue Lang's negligence claim is not a cause of action under the fourth amendment and McCree did not subject Lang to an objectively unreasonable seizure. Lang does not respond. Her negligence claim is duplicative of her § 1983 claims. For the reasons already discussed, Lang presents no genuine issues of material fact that any seizure was unreasonable. She therefore fails to present any genuine issue of material fact defendants breached a duty not to violate her fourth amendment rights.

### IV. Intentional Infliction of Emotional Distress (Count III)

Lang argues the impoundment of her car was extreme and outrageous and caused physical and emotional distress. A plaintiff may recover for intentional infliction of emotional distress if the defendants' conduct was extreme and outrageous; the plaintiff suffered severe emotional distress; and the defendants knew severe emotional distress was certain or substantially certain to result from the conduct. *Johnson v. K Mart Corp.*, 723 N.E.2d 1192, 1197 (1st Dist. 2000). For the reasons discussed, Lang presents no genuine issue of material fact that the impoundment was unreasonable. It is also undisputed Lang was not physically or emotionally injured and did not seek medical treatment. Defs. Facts ¶ 14; Defs. Exs. D and E ¶¶ 11 and 12; Lang Dep. Tr. 55:24, 56:1-6, 23-24, 57:1-7. Lang presents no evidence McCree knew severe emotional distress was

12

certain or substantially certain to result from the impoundment. Summary judgment is appropriate.

## CONCLUSION

Defendants' motion for summary judgment is granted on count I (§ 1983) because Lang fails to demonstrate a genuine issue of material fact that McCree violated her fourth amendment right to be free from unreasonable seizures or received inadequate training. The motion is granted on count II (negligence) because Lang presents no genuine issues of material fact that any seizure was unreasonable. The motion is granted on count III (intentional infliction of emotional distress) because Lang presents no genuine issue of material fact that the impoundment was unreasonable or that she suffered emotional injury. Lang's cross-motion for summary judgment is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

August 21, 2008